IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SCOTT LOGAN                                                                                    PLAINTIFF


v.                              Civil No. 3:22-cv-03057-TLB-MEF


CARROLL COUNTY
DETENTION CENTER STAFF                                                              DEFENDANT


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.   Plaintiff

proceeds *pro se* and *in forma pauperis.*   Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and

(3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the

undersigned for the purpose of making a Report and Recommendation.   The case is before the

Court on Plaintiff's failure to obey the Orders of the Court.

### I.       DISCUSSION

By Order entered on October 11, 2022, Plaintiff was advised he could not merely list all

staff of the Carroll County Detention Center ("CCDC") as Defendants.   (ECF No. 3).   He was

informed that he must "name as Defendants those individuals personally responsible for violating

his federal constitutional rights."   At that time, Turn Key Medical was also a named Defendant.

With respect to Turn Key Medical, Plaintiff was advised he should name "as Defendants the

individual nurses and/or doctors who he contends denied him adequate medical care."   Plaintiff

was directed to file an amended complaint.   The amended complaint was to be filed by November

1, 2022.   Plaintiff was advised that if he failed to comply with the Order the case "shall be subject

1

to dismissal." In the same Order, Plaintiff was directed to pay the $402 filing fee or submit a completed certificate of account.

Plaintiff filed an Amended Complaint on October 31, 2022. (ECF No. 5). The Amended Complaint omitted Turn Key Medical as a Defendant but still named all staff of the CCDC as Defendants. A Notice of Deficiency was entered on November 1, 2022. (ECF No. 7). Plaintiff was again advised that he could not simply name "all staff" as Defendants, but instead he must identify as Defendants those individuals who personally violated his rights. Plaintiff's second amended complaint was due by November 22, 2022. Plaintiff was advised that if he failed to comply with the Order the case "shall be subject to dismissal."

Plaintiff failed to file his second amended complaint. On November 30, 2022, a Show Cause Order was entered. (ECF No. 10). Plaintiff was given until December 21, 2022, to show cause why he had not filed his second amendment complaint.

In the meantime, Plaintiff filed a change of address when he was released from incarceration. (ECF No. 12). An Order was entered asking him to re-submit an *in forma pauperis* ("IFP") application. (ECF No. 13). He was given until December 27, 2022, to submit a completed IFP application. On January 13, 2023, Plaintiff was granted IFP status. (ECF No. 22).

On December 19, 2022, Plaintiff filed a response to the Show Cause Order. (ECF No. 15). However, he merely stated he had not received the Show Cause Order until December 14, 2022. Plaintiff also addressed the fact that he failed to submit a certificate of account with his original IFP application. Plaintiff did not file his second amended complaint and did not mention it in his response. As a result, an Order was entered on December 20, 2022, directing Plaintiff to

file his second amended complaint by January 9, 2023.   (ECF No. 16).

On January 9, 2023, Plaintiff filed his Second Amended Complaint.   (ECF No. 20).   Once again, Plaintiff merely listed as Defendants "all staff" of the CCDC.   He does not indicate why he cannot name a single individual who he believes personally violated his federal constitutional rights.

On January 19, 2023, an Order was entered explaining to Plaintiff that liability under Section 1983 requires personal involvement on the part of each Defendant.   (ECF No. 23).   If Plaintiff did not know the full name of any of the individuals who personally violated his federal constitutional rights, Plaintiff was advised he could identify them by position and any part of their name.   If Plaintiff could not recall any part of their names, Plaintiff was told he could identify them by their position and Jane Doe or John Doe.   Plaintiff was given until February 9, 2023, to submit his third amended complaint.

Plaintiff failed to submit a third amended complaint.   A Show Cause Order was entered on February 17, 2023.   (ECF No. 24).   Plaintiff was given until March 10, 2023, to show cause why he had failed to obey the Court's Order.   Plaintiff did not respond to the Show Cause Order. He has not requested an extension of time to do so.   No mail has been returned as undeliverable. This case has been pending since October 11, 2022, and the Plaintiff has not named a single Defendant upon whom process may be served.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.   *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).   The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.   Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.   Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."   *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.    CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to prosecute this case, his failure to obey the Orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 24th day of March 2023.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE